UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZI XIAO CHEN, ) | |
| ) | |
| Petitioner, ) | 2:11-cv-00683-GMN-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Zi Xiao Chen, a former Nevada prisoner represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondents were served and ordered to respond.  They have moved to dismiss the petition, petitioner has opposed the motion and respondents replied.  The petition must be dismissed.

**I.      Background**

Petitioner was convicted on two counts of pandering following a jury trial in June of 2008.  She was arrested after she was tied to two residences where acts of prostitution were offered because she answered the calls to a telephone number advertised in the Las Vegas City Life

---

[1] Chen successfully discharged and was released from her sentence of probation on September 16, 2009.  Exhibit 44.  The exhibits identified in this Order were submitted by respondents in support of their Motion to Dismiss and are found in the Court's docket at numbers 6 and 7.

Magazine and gave the callers the addresses and direction to the residences where the prostitutes were waiting.  In the instances leading to her arrest, the callers were undercover police officers who later testified against her at trial. Exhibit 10 and 13. She was originally charged with three counts of pandering, a single count of conspiracy to commit pandering, three counts of living from the earnings of a prostitute, three counts of placing a person in a house of prostitution and one count of conspiracy to live from the earnings of a prostitute.  Exhibit 8.  A Second Amended Information was then filed mid-trial reducing the charges to two counts of pandering.  Exhibit 11.

Petitioner was found guilty and sentenced to two terms of twelve to thirty-two months on each count.  Exhibit 26.  The sentence was suspended and she was admitted to a term of probation for an indeterminate period not to exceed three years.  *Id.*  She appealed raising claims related to the sufficiency of the evidence to convict on the pandering charges.  Exhibits 17 and 32.  The conviction was affirmed by the Nevada Supreme Court on April 15, 2009.  Exhibit 35.

Petitioner's post-conviction petition for writ of habeas corpus was filed in the state district court on May 11, 2009.  Exhibit 36.  The petitioner raised claims of ineffective assistance of counsel at trial when counsel failed to object to the admission of hearsay testimony offered by the police officers, failed to object to the admission of an unredacted edition of the City Life Magazine including the advertisement for Asian Venus and Nicole, the ads the police officers answered in the prostitution investigation, and failed to ask for a limiting instruction as to the ad.  *Id.* Petitioner also claimed the state failed to present the necessary testimony of the alleged victims to prove the elements of assisting or inducing another to become a prostitute.  *Id.*  The petition was denied. Exhibit 40.  Petitioner appealed.  Exhibit 42.  Before the appeal was processed or briefs filed, on September 16, 2009, petitioner was honorably discharged from her probation.  Exhibit 33. Thereafter, the appeal was denied.  Exhibit 50.

As noted above, the petition in this action was filed on April 29, 2011, raising claims of ineffective assistance of counsel and attacking the sufficiency of the evidence where no testimony was offered by the State from the purported victims of the pandering.  ECF No. 1.

Respondents move to dismiss the petition on the basis that the court lacks subject matter jurisdiction and that the petitioner raises various claims which are conclusory, unexhausted, or fail to raise a federal claim.

**II.   Discussion**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person <u>in custody</u> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Emphasis added.)

**A.   In Custody Requirement**

Respondents argue that the Court cannot entertain this petition when the petitioner was not in custody at the time she filed her petition. As set forth above, the application for a writ of habeas corpus must be on behalf of a person "in custody" pursuant to the judgment of a state court.

Petitioner counters that the collateral consequences of her conviction, particularly the immigration issues arising from a felony conviction for a non-citizen, are adverse effects which the Supreme Court has determined prevents a petition from becoming moot once the petitioner is released from custody.

"Custody is crucial for § 2254 purposes. . .," *Magwood v. Patterson,* 130 S.Ct. 2788, 2797 (2010), and the requirement means that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is incarcerated or subject to the supervision of a parole or probation officer "under the conviction or sentence under attack at the time [her] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923 (1989) (per curiam); *see also Resendiz v. Kovensky,*

416 F.3d 952, 956 (9th Cir. 2005).

The collateral consequences of the conviction cannot render an individual 'in custody' for the purposes of a habeas attack" of the conviction if the petitioner was not in custody at the time the petition was filed. *Id*. at 492, 109 S.Ct. 1923. This is true even for the real and serious issues of immigration status or deportation currently faced by petitioner. *See Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir.1976) (holding that immigration consequences-deportation-of a criminal conviction are collateral consequences because "the consequence in issue 'was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility' " (citation omitted)).

Had Chen's petition be on file while she was still serving her probation, the collateral consequences of deportation might have overcome any argument that her petition was moot once she was released. However, the fact that she had been completely discharged from her sentence before the petition was even filed renders it beyond this Court's jurisdiction. The motion to dismiss (ECF No. 5) must be granted and the alternative arguments offered by respondents may not be considered.

### III.     Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that

petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED.** The Petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

The Clerk shall enter judgment accordingly.

DATED this 13th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge